

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 01, 2019.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

**IN RE:**

| | |
|---|---|
| **GUILLERMO PALLARES** | **CASE NO.: 18-30888-hcm** |
| *aka* **GUILLERMO VENEGAS-PALLARES** | **CHAPTER: 7** |
| *aka* **GUILLERMO V. PALLARES** | |
| **CARMEN C. PALLARES** | |
| *aka* **CARMEN CASTRUITA PALLARES** | |

     **DEBTOR(S).**
_____/

**AGREED ORDER TERMINATING STAY EFFECTIVE SEPTEMBER 13, 2019**

The Court finds that Bank of America, N.A. (hereinafter referred to as "Movant"), a secured creditor in this matter, has filed a Motion for Relief from Stay of Action Against Debtor(s) [DE#23] (the "Motion") concerning the collateral described as *8524 Wingo Way, El Paso, Texas 79907 a/k/a 8520 Wingo Way A, El Paso, Texas 79907* (the "Property"), and more particularly described in Exhibit A attached hereto and in the Deed of Trust securing Movant's lien to the Property; that all required notices of the Motion have been properly served; and that the parties

have agreed to modification of the 11 USC §362(s) stay with respect to the Property. Movant is the holder of the certain Note and Deed of Trust concerning the Property. Default has occurred in the performance of certain obligations of Debtors to Movant.

**IT IS THEREFORE ORDERED** that the Chapter 7 Trustee shall have six (6) months, or until September 13, 2019, to market and sell the Property.

**IT IS FURTHER ORDERED** that the Chapter 7 Trustee shall be required to request a payoff from Movant (dated through the date of closing) and that the sale shall not close if the proceeds will not be enough to pay off the lien owed to Movant. This loan is a Daily Simple Interest Loan and accrues daily interest. In the event of a default, additional interest may accrue over and above the payment amount from the date of the last payment to the date of the next payment. In such cases payments are applied to cover interest first and no principal is being applied until all interest is satisfied.

**IT IS FURTHER ORDERED** that if the Chapter 7 Trustee is unable to close on the sale of the Property by September 13, 2019, the 11 U.S.C. §362(a) stay as to Movant, its successors and/or assigns, shall TERMINATE, and Movant, its successors and/or assigns, shall be permitted to exercise any rights granted to it by the parties' contract documents with respect to the Property including, but not limited to, the execution of a non-judicial foreclosure sale of the Property.

**IT IS FURTHER ORDERED** that the provisions of the Bankruptcy Rule 4001(3) are waived and the Order shall be in full force and effect upon signature of this Court.

**###END OF ORDER###**

AGREED TO AND APPROVED BY:

| | |
|---|---|
| /s/ Ronald E Ingalls, Trustee | /s/ Megan F. Clontz |
| Ronald E Ingalls / TBN 10391900<br>PO Box 2867<br>Fredericksburg, TX 78624-1927<br>Chapter 7 Trustee | Megan F. Clontz<br>State Bar No. 24069703<br>2201 W. Royal Ln., Ste. 155<br>Irving, TX 75063<br>(469) 804-8457<br>(469) 804-8462 (fax)<br>Attorney for Bank of America, N.A. |

# EXHIBIT A

A 0.4496 ACRE PARCEL OF LAND BEING A PORTION OF LOT 3 BLOCK 5, SECOND AMENDED MAP OF WEST YSLETA, EL PASO COUNTY, TEXAS, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING FOR REFERENCE AT S 5/8" REBAR WITH CAP STAMPED "LAND-MARK TX4869 NM11402", SET IN THE SOUTHWESTERLY RIGHT-OF-WAY LINE OF WINGO WAY (40.0 FEET WIDE AND AT THE EASTERLY COMMON BOUNDARY CORNER OF LOTS 2 AND 3, BLOCK 5, SECOND AMENDMENT MAP OF WEST YSLETA, FOR A CORNER OF THIS PARCEL AND THE POINT OF BEGINNING OF THIS PARCEL;

THENCE, SOUTH 43° 12' 00" WEST, WITH THE NORTHWESTERLY BOUNDARY LINE OF A LOT 2 AND CONTINUING WITH LOT 1, BLOCK 5, SECOND AMENDED MAP OF WEST YSLETA, A DISTANCE OF 218.60 FEET TO A 5/8" REBAR WITH CAP STAMPED "LAND-MARK TX4869NM11402", SET IN THE NORTHEASTERLY RIGHT-OF-WAY LINE OF FRANKLIN CANAL (80.0 FEET WIDE) FOR A CORNER OF THIS PARCEL;

THENCE, NORTH 46°48'00" WEST, WITH SAID NORTHEASTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 89.60 FEET TO A 5/8" REBAR WITH CAP STAMPED "LANDMARK TX4869 NM11402", SET FOR A CORNER OF THIS PARCEL;

THENCE, NORTH 43°12'00" EAST A DISTANCE OF 218.60 FEET TO A 5/8" REBAR WITH CAP STAMPED "LAND-MARK TX4869 NM11402" SET IN SAID SOUTHWESTERLY RIGHT-OF-WAY LINE OF WINGO WAY, FOR A CORNER OF THIS PARCEL;

THENCE, SOUTH 46°48'00" EAST, WITH SAID SOUTHWESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 89.60 FEET TO THE TRUE POINT OF BEGINNING.

SAID PARCEL CONTAINS 0.4496 ACRES (19,587 SQUARE FEET) MORE OR LESS.

Being a portion of that parcel of land conveyed to Guillermo Pallares etux Carmen C. Pallares from Glenn E. Billingsley etux Irene Billingsley by that deed dated 05/22/1985 and recorded 05/22/1985 in Deed Book 1558, at Page 1314 of the EL PASO County, TX Public Registry.